EVERSHEDS SUTHERLAND (US) LLP
Ian S. Shelton (SBN 264863)
ianshelton@eversheds-sutherland.com
500 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 844-2965
Facsimile: (916) 241-0501

EVERSHEDS SUTHERLAND (US) LLP
Frank Nolan (*pro hac vice*)
franknolan@eversheds-sutherland.com
1114 6th Avenue
New York, New York 10036
Telephone: (212) 389-5000
Facsimile: (212) 389-5099

EVERSHEDS SUTHERLAND (US) LLP
Michael Bahar (*pro hac vice*)
michaelbahar@eversheds-sutherland.com
700 Sixth Street, NW, Suite 700
Washington, DC 20001-3980
Telephone: (202) 383-0882
Facsimile: (202) 637-3593

EVERSHEDS SUTHERLAND (US) LLP
Jim Silliman (*pro hac vice*)
jimsilliman@eversheds-sutherland.com
1001 Fannin Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301

*Attorneys for Defendant Noblr Reciprocal Exchange*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL GREENSTEIN, CYNTHIA NELSON, and SINKWAN AU, individually and on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NOBLR RECIPROCAL EXCHANGE,<br><br>Defendant. | CASE NO. 4:21-cv-04537-JSW<br><br>The Honorable Jeffrey S. White<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CORRECTED FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)**<br><br>Hearing Date:  January 21, 2022<br>Hearing Time: 9:00 a.m.<br><br>Courtroom:   No. 5, 2nd Floor<br>Address:     U.S. Courthouse<br>             1301 Clay Street<br>             Oakland, CA 94612 |

1

## NOTICE OF MOTION

2

PLEASE TAKE NOTICE that on January 21, 2022, at 9:00 a.m., or as soon thereafter as

3 the matter may be heard in the above-entitled Court, located at Oakland Courthouse, Courtroom 5

4 – 2nd Floor, 1301 Clay Street, Oakland, CA 94612, Defendant Noblr Reciprocal Exchange

5 ("Noblr") will move this Court to dismiss the Corrected First Amended Class Action Complaint

6 [Dkt. No. 16] ("Complaint"), filed by Plaintiffs Michael Greenstein, Cynthia Nelson, and Sinkwan

7 Au, individually and on behalf of themselves and all other persons similarly situated ("Plaintiffs")

8 pursuant to Federal Rule of Civil Procedure 12(b).

9

This motion is made under Rule 12(b)(1) on the grounds that the Court lacks subject matter

10 jurisdiction and also under Rule 12(b)(6) because Plaintiffs fail to state a viable claim for relief.

11 *First*, Noblr seeks dismissal of all claims for lack of Article III standing because Plaintiffs fail to

12 allege an injury-in-fact that is fairly traceable to Noblr's conduct (and not that of the cyber

13 attackers) and which will be redressed by a favorable decision. *Second*, Plaintiffs' Drivers'

14 Privacy Protection Act ("DPPA") claim fails because they do not sufficiently and factually allege

15 that Noblr acted with the requisite intent or that Noblr disclosed information for an unpermitted

16 purpose under the DPPA. *Third*, the economic loss doctrine precludes Plaintiffs' negligence claim.

17 *Fourth*, Plaintiffs' California Unfair Competition Law ("UCL") claim fails because Plaintiffs have

18 adequate available legal remedies, and also because they do not allege any predicate unlawful,

19 fraudulent, or unfair conduct, or any other cognizable injury. *Finally*, Plaintiffs cannot pursue an

20 independent cause of action for declaratory and injunctive relief, as they attempt under the federal

21 Declaratory Judgment Act ("DJA").

22

23 DATED:  September 7, 2021               EVERSHEDS SUTHERLAND (US) LLP

24                                         By */s/ Francis X. Nolan*
                                             Francis X. Nolan
25

26                                         *Attorney for Defendant*
                                          *Noblr Reciprocal Exchange*
27

28

# TABLE OF CONTENTS

NOTICE OF MOTION ..........................................................................................................i

TABLE OF CONTENTS .....................................................................................................ii

TABLE OF AUTHORITIES.................................................................................................iv

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................1

INTRODUCTION ...............................................................................................................1

FACTUAL BACKGROUND ...............................................................................................2

ARGUMENT .......................................................................................................................3

I.      The Court Lacks Subject Matter Jurisdiction. ...........................................................3

        A.      Plaintiffs Fail to Plausibly Plead a Concrete Injury-in-Fact. ....................4

                1.      Risk of future identity theft and harm. ...........................................4

                2.      Loss of value of PII. ........................................................................5

                3.      Out-of-pocket monitoring costs, lost time, and inchoate harm......5

        B.      Plaintiffs Fail to Plausibly Plead a Traceable Injury. ...............................6

        C.      Plaintiffs Fail to Plausibly Plead Redress By a Favorable Decision. ........7

II.     THE COURT SHOULD DISMISS FOR FAILURE TO STATE A CLAIM. ...................7

        A.      The Court Should Dismiss the Drivers' Privacy Protection Act Claim. ....8

                1.      Noblr did not have the requisite level of intent.............................8

                2.      Noblr did not disclose information for an impermissible purpose..............9

        B.      The Court Should Dismiss the Negligence Claim. ...................................10

                1.      The economic loss doctrine precludes recovery for economic
                        damages. .......................................................................................10

                        a.      Plaintiffs do not allege a special relationship with
                                Noblr...................................................................................10

                        b.      Plaintiffs' allegations of economic harm.............................11

                2.      Plaintiffs fail to allege viable non-economic damages claims....................11

                3.      Plaintiffs otherwise fail to allege any other cognizable damages. ..............12

                        a.      Loss of Value of PII .........................................................12

              b.      Risk of Future Identity Theft and Harm. ........................... 13

              c.      Out-of-Pocket Monitoring Costs and Lost Time. ............... 13

    C.    The Court Should Dismiss the Unfair Competition Law Claim. ........................... 14

          1.    An adequate remedy exists. ...................................................... 14

          2.    Plaintiffs rely on the same factual predicate as their other claims. ............. 15

    D.    The Court Should Dismiss the Declaratory and Injunctive Relief Claim. .............. 15

CONCLUSION ............................................................................................................. 15

MOTION TO DISMISS

1

# **TABLE OF AUTHORITIES**

2

**Cases**                                                                                                                                              **Page(s)**

3

*Adams v. Cole Haan, LLC*,
    No. SACV 20-913 JVS (DFMx), 2020 WL 5648605 (C.D. Cal. Sept. 3, 2020)................ 14

4

*Allen v. City of Beverly Hills*,
    911 F.2d 367 (9th Cir. 1990) ........................................................................................... 8

5

6

*Allen v. Vertafore, Inc.*,
    No. 4:20-cv-04139, 2021 U.S. Dist. LEXIS 114016 (S.D. Tex. June 14, 2021)............ 9, 10

7

*Antman v. Uber Techs., Inc.*,
    No. 3:15-cv-01175-LB, 2015 U.S. Dist. LEXIS 141945 (N.D. Cal. October 19,
    2015)............................................................................................................................ 5, 6

8

9

*Antman v. Uber Techs., Inc.*,
    No. 15-cv-01175-LB, 2018 U.S. Dist. LEXIS 79371 (N.D. Cal. May 10, 2018) ........... 4, 6

10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ....................................................................................................... 8

11

12

*Ass'n of Pub. Agency Customers v. Bonneville Power Admin.*,
    733 F.3d 939 (9th Cir. 2013) .......................................................................................... 7

13

*Barnum Timber Co. v. Env't. Prot. Agency*,
    633 F.3d 894 (9th Cir. 2011) .......................................................................................... 3

14

15

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................................................... 8

16

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
    598 F.3d 1115 (9th Cir. 2010) ........................................................................................ 3

17

18

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013) ................................................................................................ 3, 4, 6

19

*Clark v. Am. Honda Motor Co.*,
    No. CV 20-03147 AB (MRWx), 2021 WL 1186338 (C.D. Cal. Mar. 25, 2021).............. 14

20

21

*Corona v. Sony Pictures Ent. Inc.*, No. 14-cv-09600-RGK,
    No. 14-cv-09600-RGK, 2015 WL 3916744 (C.D. Cal. June 15, 2015)............................ 14

22

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*,
    No. 3:16-cv-00014-GPC-BLM, 2016 U.S. Dist. LEXIS 152838 (S.D. Cal. Nov. 3,
    2016)............................................................................................................................ 5, 7

23

24

*Enslin v. The Coca-Cola Co.*,
    136 F. Supp. 3d 654 (E.D. Pa. 2015), *aff'd sub nom. Enslin v. Coca-Cola Co.*, 739
    F. App'x 91 (3d Cir. 2018). ............................................................................................ 9

25

26

*Fonseca v. Goya Foods, Inc.*,
    No. 16-CV-02559-LHK, 2016 WL 4698942 (N.D. Cal. Sept. 8, 2016) .......................... 15

27

28

MOTION TO DISMISS

*Gardiner v. Walmart Inc.*,
    No. 4:20-cv-04618-JSW, 2021 U.S. Dist. LEXIS 75079 (N.D. Cal. March 5, 2021) ... 10-14

*Gardiner v. Walmart Inc.*,
    No. 4:20-cv-04618-JSW (N.D. Cal. July 28, 2021) ........................................................ 10

*Gibson v. Jaguar Land Rover N. Am., LLC*,
    No. CV 20-00769-CJC(GJSx), 2020 WL 5492990 (C.D. Cal. Sept. 9, 2020) ................. 14

*Gulsvig v. Mille Lacs Cnty.*,
    No. 13-cv-1309, 2014 U.S. Dist. LEXIS 43951 (D. Minn. Mar. 31, 2014) ........................ 8

*In re Adobe Sys., Inc. Privacy Litig.*,
    66 F. Supp. 3d 1197 (N.D. Cal. 2014) ............................................................................... 6

*In re iPhone Application Litig.*,
    844 F. Supp. 2d 1040 (N.D. Cal. 2012) ........................................................................... 12

*In re Macbook Keyboard Litig.*,
    No. 5:18-cv-02813-EJD, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) .......................... 14

*In re Sonic Corp. Customer Data Sec. Breach Litig.*, No. 1:17-md-2807,
    No. 1:17-md-2807, 2020 U.S. Dist. LEXIS 114891 (N.D. Ohio July 1, 2020) ............... 16

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
    996 F. Supp. 2d 942 (S.D. Cal. 2014) ...................................................................10, 12, 13

*In re Uber Tech., Inc., Data Sec. Breach Litig.*,
    No. 2:18-cv-02970-PSG-GJS (C.D. Cal. August 19, 2019) ............................................ 3-6

*In re Zappos.com, Inc. (Zappos)*,
    888 F.3d 1020 (9th Cir. 2018) ....................................................................................... 4, 5

*Lazy Y Ranch LTD v. Behrens*,
    546 F.3d 580 (9th Cir. 2008) ............................................................................................. 8

*Low v. LinkedIn Corp.*,
    900 F. Supp. 2d 1010, 1032 (N.D. Cal. 2012) ............................................................... 12

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) .......................................................................................................... 3

*Madrigal v. Hint, Inc.*,
    No. CV 17-02095-VAP (JCx), 2017 U.S. Dist. LEXIS 221801 (C.D. Cal. Dec. 14,
    2017) ............................................................................................................................... 15

*Magadia v. Wal-Mart Assocs., Inc.*,
    999 F.3d 668 (9th Cir. May 28, 2021) ........................................................................... 3, 4

*O'Shea v. Littleton*,
    414 U.S. 488 (1974) .......................................................................................................... 4

*Pruchnicki v. Envision Healthcare Corp.*,
    845 F. App'x 613 (9th Cir. 2021) ................................................................................... 12

MOTION TO DISMISS

*Ray v. Anoka Cnty.*,
    24 F. Supp. 3d 843 (D. Minn. 2014) ........................................................................ 8-9

*Razuki v. Caliber Home Loans, Inc.*,
    No. 17cv1718-LAB (WVG), 2018 U.S. Dist. LEXIS 196070 (S.D. Cal. Nov. 14,
    2018) ......................................................................................................................... 7, 12

*Schertz v. Ford Motor Co.*,
    No. CV 20-03221 TJH (PVCx), 2020 WL 5919731 (C.D. Cal. July 27, 2020) ................ 14

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ................................................................................... 14

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998) ..................................................................................................... 7

*Svenson v. Google Inc.*,
    No. 13-cv-04080-BLF, 2016 WL 8943301 (N.D. Cal. Dec. 21, 2016) ........................... 12

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021) ............................................................................................... 3

*Travis v. Assured Imaging LLC*,
    No. CV-20-00390-TUC-JCH, 2021 U.S. Dist. LEXIS 89129 (D. Ariz. May 10,
    2021) ........................................................................................................................ 5, 6

*Warth v. Seldin*,
    422 U.S. 490, 502 (1975) ....................................................................................... 3-4

*Washington Env't. Council v. Bellon*,
    732 F.3d 1131 (9th Cir. 2013) ................................................................................... 6

*Wolf v. Wells Fargo Bank, N.A.*,
    No. C11-01337 WHA, 2011 U.S. Dist. LEXIS 117835 (N.D.Cal. Oct. 12, 2011) ........... 15

## STATUTES

18 U.S.C.A. § 2724 .......................................................................................................... 8, 9

28 U.S.C. § 2201 .............................................................................................................. 15

Article III of the U.S. Constitution ........................................................................... 1, 3, 5-8

## RULES

California Civil Code § 1798 ............................................................................................ 15

FED. R. CIV. P. 12(b)(1) ...................................................................................................... 3, 15

FED. R. CIV. P. 12(b)(6) ...................................................................................................... 7, 15

1

## OTHER AUTHORITY

Federal Trade Commission Act ................................................................................. 15

Gramm-Leach-Bliley Act ........................................................................................ 15

MOTION TO DISMISS

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    <u>**INTRODUCTION**</u>

3    This litigation arises from a week-long cyberattack on Noblr's website in January 2021,

4    carried out by a third party with the apparent and nefarious goal of collecting driver's license

5    numbers and addresses from people with no connection to or relationship with Noblr, an insurance

6    reciprocal exchange. Noblr recognized, investigated, and halted the breach. It subsequently issued

7    regulatory as well as individual data security incident notices, offering free credit monitoring and

8    identity theft protection services to those potentially impacted. Three notice recipients, none of

9    whom allege they accepted Noblr's offer of services and none of whom is a Noblr customer or

10   California resident, filed this putative class action lawsuit. Plaintiffs seek to represent separate

11   prospective classes of residents of Massachusetts, New Jersey, and New York.

12   The Court should dismiss Plaintiffs' Complaint for one or more of the following reasons.

13   *First*, Plaintiffs do not have Article III standing to pursue their claims. The Massachusetts and

14   New Jersey Plaintiffs fail to allege *any* cognizable injury-in-fact. The New York Plaintiff fails to

15   allege that attempted unemployment fraud committed using her information was traceable to

16   Noblr's conduct, as opposed to the direct actions of the third-party cyber attackers, or caused her

17   harm, as opposed to harming the government unemployment agency. *Second*, the Drivers' Privacy

18   Protection Act ("DPPA") claim (Count 1) fails because Plaintiffs do not plead that Noblr disclosed

19   the information knowingly or did so for an impermissible purpose. *Third*, Plaintiffs' negligence

20   claim (Count 2) fails under the economic loss doctrine as Plaintiffs' scant references to non-

21   economic damages are too speculative and generalized. *Fourth*, Plaintiffs' California Unfair

22   Competition Law ("UCL") (Count 3) claim fails because there are other adequate legal remedies

23   available, and monetary damages would provide adequate relief for the purported injuries.

24   Plaintiffs also improperly bring legal and equitable claims based on the same factual predicates,

25   and, separately, fail to set forth any other cognizable injury. *Fifth*, Plaintiffs fail to establish they

26   are entitled to declaratory and injunctive relief (Count 4), which are remedies and not independent

27   causes of action.

28

-1-

**FACTUAL BACKGROUND**

Noblr is an insurance reciprocal exchange that maintains a public-facing instant quote feature. *See* Compl. ¶ 23. This feature works by ingesting an individual's information via Noblr's webform and using it to get additional information, including driver's license numbers, from an outside service provider, for the purpose of generating insurance quotes. *Id.*

The relevant events transpired quickly. On January 21, 2021, Noblr's web team noticed unusual quote activity consisting of a spike in unfinished quotes through its instant quote webpage. *Id.* Noblr immediately launched an internal investigation. *Id.* That initial investigation revealed that attackers may have initiated quotes using information they already possessed (i.e., names and dates of birth) to obtain driver's license numbers that were inadvertently included in the page source code. *Id.* On January 25, 2021, Noblr's security team began blocking suspicious IP addresses. *Id.* On January 27, 2021, when Noblr determined that the attackers were able to access driver's license numbers, Noblr altered its instant quote system to prevent further access by the attackers and took other steps to combat these attacks. *Id.*

Over the ensuing few months, Noblr invested time and money to remedy the situation, including blocking suspicious IP addresses, revising rate limit thresholds to adjust traffic patterns, and altering the instant quote system to mask driver's license numbers in the source code and in the final application page. *Id.* In addition, Noblr developed and employed certain changes to processes and protocols to prevent this type of event from happening again. *Id.* Noblr then communicated that chain of events to Plaintiffs in Notice Letters distributed in May 2021 ("Notice Letters"). In the Notice Letters, Noblr also explained that Plaintiffs' names, driver's license numbers, and addresses may have been accessed. *Id.* Noblr further communicated that it takes its responsibility to safeguard personal information seriously, and offered one-year complimentary access to Experian's IdentityWorks. *Id.* ¶ 25.

Three Plaintiffs, California residents none, unharmed all, filed a putative class action after receiving Notice Letters. Plaintiff Greenstein (New Jersey) does not allege that his information was misused following the breach. *See* Compl. ¶¶ 51 – 54. He purportedly researched mitigation options in response to receiving a Notice Letter. *Id.* ¶ 51. Plaintiff Nelson (Massachusetts) alleges

that he notified his financial advisors, contacted the police, and researched mitigation options, also despite no misuse of his information following the breach. *Id.* ¶¶ 56 – 57. Plaintiff Au (New York) alleges that her information was used to make a fraudulent application for unemployment benefits sometime after the January 2021 breach. She does not allege that the fraudulent application caused her (as opposed to the governmental agency) any harm, or that the fraudulent application was the result of any action or inaction of Noblr. *Id.* ¶¶ 62 – 64. Plaintiff Au purchased a family plan credit monitoring program. *See id.* Plaintiffs do not allege if they accepted Noblr's offer of credit monitoring services.

## ARGUMENT

### I.     THE COURT LACKS SUBJECT MATTER JURISDICTION.

A court lacks subject matter jurisdiction over a matter if a plaintiff does not have standing under Article III of the U.S. Constitution. *See* FED. R. CIV. P. 12(b)(1); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2197 (2021). Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.,* 598 F.3d 1115, 1122 (9th Cir. 2010). This requires that the non-movant demonstrate through allegations of "specific facts plausibly explaining" why the standing requirements are met. *Barnum Timber Co. v. EPA,* 633 F.3d 894, 899 (9th Cir. 2011). This includes pleading that a plaintiff has suffered a cognizable injury sufficient to satisfy the "case or controversy" requirement of Article III. *Clapper v. Amnesty Int'l. USA*, 568 U.S. 398, 423 (2013). To do so, a plaintiff must have (1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct, and (3) will be redressed by a favorable decision. *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 674 (9th Cir. May 28, 2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotations and citations omitted)). In a class action, the named plaintiff "must allege and show that [h]e personally ha[s] been injured, not that injury has been suffered by other, unidentified numbers of the class to which they belong and which they purport to represent." *See In re Uber Tech., Inc., Data Sec. Breach Litig.*, No. 2:18-cv-02970-PSG-GJS, ECF 72, pp. 1-2 (C.D. Cal. August 19, 2019) (citing *Warth v. Seldin*, 422 U.S. 490, 502 (1975)). If the named plaintiff cannot establish the requisite case or

-3-

controversy, "none may seek relief on behalf of himself or any other members of the class." *Id.*
(citing *O'Shea v. Littleton*, 414 U.S. 488, 493 (1974)).

**A.  Plaintiffs Fail to Plausibly Plead a Concrete Injury-in-Fact.**

Plaintiffs fail to allege, as they must, that they suffered "an invasion of a legally protected
interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or
hypothetical." *Magadia*, 999 F.3d at 674.

**1.  Risk of future identity theft and harm.**

Plaintiffs allege imminent and impending injury arising from increased risk of fraud and
identity theft associated with driver's license numbers stolen by one or more hackers through
Noblr's webpage. *See* Compl. ¶¶ 25, 53, 59, 66, 74. For Plaintiffs to recover for a threatened
future injury, however, they must do more than allege that a future injury is possible. They must
instead allege the threatened injury is "certainly impending." *In re Zappos.com, Inc. (Zappos)*, 888
F.3d 1020, 1026 (9th Cir. 2018) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409
(2013)). Courts have rejected standing where, like here, the "complaint alleged only the theft of
names and driver's license numbers and – without more PII disclosed, such as Social Security or
account numbers that could be accessed – there was no plausible, immediate risk of fraud or
identity theft." *Antman v. Uber Techs., Inc.*, No. 15-cv-01175-LB, 2018 U.S. Dist. LEXIS 79371,
at *2, 20-22 (N.D. Cal. May 10, 2018).

For example, a California federal court recently dismissed a data breach class action where
"[t]he compromised data included the names, email addresses, and mobile phone numbers of 50
million riders and 7 million drivers, including some 600,000 U.S. driver's license numbers." *In re
Uber Techs., Inc., Data Sec. Breach Litig.*, No. 2:18-cv-02970-PSG-GJS, ECF 72 at p. 2 (alleging
injuries associated with time and expenses to monitor, an increased imminent risk of fraud and
identity theft, invasion of privacy, and loss of PII value). That court reasoned that the "Plaintiff
fails to explain *how* gaining access to one's basic contact information and driver's license number
creates a credible threat of fraud or identity theft." *Id.* at p. 6 (emphasis in original) (citing *Antman
v. Uber Techs., Inc.*, No. 3:15-cv-01175-LB, 2015 U.S. Dist. LEXIS 141945, *31 (N.D. Cal.
October 19, 2015)). Similarly, Plaintiffs altogether fail to explain how they face a credible risk of

1   immediate harm.

2   **2.    Loss of value of PII.**

3      Plaintiffs generally allege diminution of their PII value and that their PII has value on the

4   black market. *See* Compl. ¶¶ 53, 59. But they do not explain *how* their PII became less valuable, as

5   they must. A bare "contention that [a plaintiff] suffered a 'loss of value of [his] private

6   information,'… without any more details, is 'too abstract and speculative to support article III

7   standing.'" *In re Uber Tech., Inc., Data Sec. Breach Litig.*, No. 2:18-cv-02970-PSG-GJS, ECF 72,

8   at p. 7; *see In re Zappos.com, Inc.*, 108 F. Supp. 3d 949, 954 (D. Nev. 2015), *rev'd on other*

9   *grounds*, *In re Zappos.com, Inc.*, 888 F.3d 1020 (9th Cir. 2018) (rejecting standing where, even

10  assuming PII had value on the black market, plaintiffs do not allege facts explaining how their PII

11  became less value); *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 3:16-cv-00014-

12  GPC-BLM, 2016 U.S. Dist. LEXIS 152838, at *18 (S.D. Cal. Nov. 3, 2016) ("conclud[ing] that

13  alleging theft of PII, without more, is inadequate to demonstrate a harm that qualifies as an injury

14  in fact for standing purposes"); *Travis v. Assured Imaging LLC*, No. CV-20-00390-TUC-JCH,

15  2021 U.S. Dist. LEXIS 89129, at *26-27 (D. Ariz. May 10, 2021) (same). Plaintiffs' allegations of

16  diminution of value are too abstract and speculative to establish an injury-in-fact for Article III

17  standing purposes.

18  **3.    Out-of-pocket monitoring costs, lost time, and inchoate harm.**

19     Plaintiffs allege out-of-pocket mitigation costs (i.e., monitoring services) and lost time

20  associated therewith. *See* Compl. ¶ 76. Courts have rejected such allegations when seemingly

21  manufactured for Article III standing purposes. In evaluating "time and expenses related to

22  monitoring financial accounts for fraudulent activity," courts have found that "mitigation expenses

23  are only relevant if the risk of immediate harm—[e.g.] fraud and identity theft—is 'real and

24  imminent.'" *In re Uber Techs., Inc., Data Sec. Breach Litig.*, Case 2:18-cv-02970-PSG-GJS, ECF

25  72 at p. 7 (internal citations omitted). By recent example, the court in *Travis* dismissed a data

26  breach complaint in which phishers accessed emails with names, social security numbers, and

27  health identification numbers, among other information, and plaintiffs alleged they could incur

28  out-of-pocket costs for protective measures such as credit monitoring fees, credit report fees,

-5-

credit freeze fees, and similar costs "directly or indirectly" related to the ransomware attack. *Travis*, 2021 U.S. Dist. LEXIS 89129, at *24-25. That court reasoned that the "plaintiff[s] cannot 'manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending' … [as] [t]he focus is not upon the reasonableness of the fears but upon the imminence of the future harm and whether it is certainly impending, or the risk of harm is substantial." *Id.* at *25 (citing *Clapper*, 568 U.S. at 416). Plaintiffs' alleged harm of out-of-pocket costs are insufficient to sustain their Complaint, particularly when they did not avail themselves of the same services Noblr offered. Finally, Plaintiffs' conclusory allegations of anxiety, emotional distress, and loss of privacy, (*see* Compl. ¶ 116), are also insufficient to confer standing. *See Travis*, 2021 U.S. Dist. LEXIS 89129, at *6, 28.

> **B.    Plaintiffs Fail to Plausibly Plead a Traceable Injury.**

Article III also requires "a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" *Antman*, 2018 U.S. Dist. LEXIS 79371, at *23-24 (citing *Antman*, 2015 U.S. Dist. LEXIS 141945, at *11) (citations omitted); *see also Washington Env't. Council v. Bellon*, 732 F.3d 1131, 1141 (9th Cir. 2013). Plaintiffs do not allege a plausible connection between any act or omission of Noblr and the harm they purportedly suffered. Indeed, Courts have not found a traceable injury in similar driver's license number breaches. *See In re Uber Tech., Inc., Data Sec. Breach Litig.*, No. 2:18-cv-02970-PSG-GJS, ECF 72 at p. 8 (finding "it is not apparent to the Court how the disclosure of Plaintiff's basic contact information and driver's license number could be plausibly used to gain access to his tax return or make fraudulent charges on his credit and debit cards"). Moreover, while Noblr provided timely breach notices in May 2021, a mere delay of a breach notice typically does not satisfy the "fairly traceable" requirement. *See, e.g., In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197, 1211 (N.D. Cal. 2014); *Razuki v. Caliber Home Loans, Inc.*, No. 17cv1718-LAB(WVG), 2018 U.S. Dist. LEXIS 196070, at *2 (S.D. Cal. Nov. 14, 2018) (dismissing claim because "unreasonable delay," in giving required notice failed to "cause[] any alleged injury."). Finally, any purported injuries arose not from Noblr's actions but from the

1  independent actions of cyber attackers. *Ass'n of Pub. Agency Customers v. Bonneville Power*

2  *Admin.*, 733 F.3d 939, 953 (9th Cir. 2013) ("that there are no *independent* actions of third parties

3  that break the causal link") (emphasis in original). For these reasons, Plaintiffs do not satisfy the

4  traceability requirement for Article III standing.

5              **C.        Plaintiffs Fail to Plausibly Plead Redress By a Favorable Decision.**

6              To demonstrate redressability, Plaintiff must allege that the injury "is likely to be redressed

7  by a favorable decision." *Dugas*, 2016 U.S. Dist. LEXIS 152838, at *7-8. In the context of this

8  class action, Plaintiffs must "allege and show that they personally have been injured, not that

9  injury has been suffered by other, unidentified members of the class to which they belong and

10 which they purport to represent." *Id.* at *24 (internal citations omitted). "If none of the named

11 plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the

12 defendants, none may seek relief on behalf of [herself] or any other member of the class." *Id.* As

13 explained, Plaintiffs' do not allege any injury-in-fact caused by Noblr. If another person suffered

14 such harm, that person must pursue their own claim.

15             Moreover, Plaintiffs' request for injunctive relief is inappropriate because they are not

16 "realistically threatened by a repetition of [their] experience . . . likely redressed by a favorable

17 decision." *Id.* at *25. Indeed, an injunction may not be based on a "fear of on-going data

18 breaches," noting "an order requiring Defendants to enhance their cybersecurity in the future (or

19 an equivalent declaratory judgment) will not provide any relief for past injuries or injuries incurred

20 in the future because of a data breach that has already occurred." *Id.* at *25-26. Rather, "the

21 [injunctive] relief afforded would be mostly 'psychic satisfaction'" that is not an acceptable

22 Article III remedy. *Id.* at *27 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107

23 (1998) ("Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal

24 court; that is the very essence of the redressability requirement.")).

25 **II.      THE COURT SHOULD DISMISS FOR FAILURE TO STATE A CLAIM.**

26             Should the Court find that one or more Plaintiffs satisfies the Article III standing

27 requirement, it should still dismiss the Complaint in its entirety pursuant to Rule 12(b)(6). In

28 evaluating such a motion, the Court's "inquiry is limited to the allegations in the complaint, which

are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pursuant to *Twombly*, Plaintiffs must not merely allege conduct that is conceivable, but it must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where, as here, a plaintiff has previously amended a complaint, a district court has broad discretion to deny further leave to amend. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (internal quotations and citation omitted).

### A. The Court Should Dismiss the Drivers' Privacy Protection Act Claim.

To plead a successful DPPA claim, Plaintiffs must allege that Noblr (1) knowingly (2) obtained, disclosed, or used personal information, (3) from a motor vehicle record, (4) for a purpose not permitted. *See* 18 U.S.C.A. § 2724(a). At minimum, Plaintiffs do not plausibly allege that Noblr acted knowingly or for an improper purpose.

#### 1. Noblr did not have the requisite level of intent.

A precondition to liability under the DPPA is the defendant's knowing and voluntary disclosure of driving information. *See* 18 U.S.C.A. § 2724(a). Courts in similar situations have interpreted the DPPA standard to require knowing disclosure, finding that negligent disclosure is insufficient. *See, e.g.*, *Gulsvig v. Mille Lacs Cnty.*, No. 13-1309 (JRT/LIB), 2014 U.S. Dist. LEXIS 43951, at *19 (D. Minn. 2014) (finding that "nothing in the [DPPA] suggests that [it] imposes a reasonable duty of care to safeguard information"); *Ray v. Anoka Cnty.*, 24 F. Supp. 3d 843, 848 (D. Minn. 2014) (finding "the DPPA does not permit suit for negligent disclosure").

The plaintiffs in *Vertafore* alleged that their personal information was accessed without authorization after human error caused data files containing driver information to be stored on unsecured external storage by the defendant insurance software company. *See Allen v. Vertafore,*

MOTION TO DISMISS

*Inc.*, No. 4:20-cv-04139, 2021 U.S. Dist. LEXIS 114016, *2 (S.D. Tex. June 14, 2021). The court dismissed the DPPA claim, reasoning that, "anyone that may have obtained the data did so in an unauthorized manner, which undercuts the notion that Vertafore knowingly disclosed the data." *Id.* at *9. In so concluding, the court pointed to the defendant's press release that explained the data was "inadvertently stored" in unsecured storage and described remedial efforts. *Id.* at *10.

The plaintiffs in *Enslin* alleged that their personal information was compromised after a former employee stole company laptops containing driver's license numbers and other data. *See Enslin v. The Coca-Cola Co.*, 136 F. Supp. 3d 654, 659 (E.D. Pa. 2015), *aff'd sub nom. Enslin v. Coca-Cola Co.*, 739 F. App'x 91 (3d Cir. 2018). The *Enslin* court dismissed the DPPA claim, finding that the defendant employer did not knowingly or voluntarily act to disclose the information when storing information on company laptops. Rather, it was the thief who acted knowingly. *Id.* at 671.

Just as in *Vertafore* and *Enslin*, the defendant in this case did not knowingly or voluntarily disclose any data. Noblr's webpage was merely the tool the cyber attackers used to perpetrate their scheme. Plaintiffs do not challenge that assessment, which was communicated in the Notice Letters. *See* Compl. ¶ 4 ("The initial investigation revealed that attackers may have initiated these quotes in order to steal driver's license numbers which were *inadvertently included in the page source code*.") (emphasis added). This alone is enough to dismiss Plaintiffs' DPPA claim.

**2.      Noblr did not disclose information for an impermissible purpose.**

Another precondition to liability under the DPPA is that the defendant obtained, disclosed, or used a person's driving information for an impermissible purpose. *See* 18 U.S.C.A. § 2724(a). Courts have dismissed DPPA claims against insurance companies where the plaintiffs' personal information was used for the purpose of facilitating customer access to insurance. For example, the *Vertafore* court found no basis for finding improper purpose within the plaintiffs' allegations that an insurance software company stored data within unsecured external storage that was accessed without authorization. *See Vertafore*, 2021 U.S. Dist. LEXIS 114016 at *9-10. The court reasoned that the plaintiffs, "clearly detail that '[the defendant] is an insurance software company that provides enterprise software solutions' for the insurance industry [and thus the defendant's]

purpose of managing the affected data files is a covered permissible use." *Id.* Here, Plaintiffs do not allege that Noblr obtained, disclosed, or otherwise used their personal data for any improper purpose. Noblr permissibly processes and stores personal data entered into its website and also retrieves additional information from third-party providers in order to provide insurance quotes. Again, Plaintiffs' alleged impermissible disclosure relates to third-party cyber attackers, not Noblr.

### B.    The Court Should Dismiss the Negligence Claim.

To sustain their negligence claim, Plaintiffs must either allege an exception to the economic loss doctrine that otherwise precludes recovery for purely economic damages, or allege viable non-economic damages. Plaintiffs do not do so, and their claim should be dismissed.

#### 1.    The economic loss doctrine precludes recovery for economic damages.

This Court has relied on the economic loss doctrine in dismissing negligence claims in similar cases. *See Gardiner v. Walmart Inc.*, No. 4:20-cv-04618-JSW, ECF 52 (N.D. Cal. July 28, 2021) (granting motion to dismiss amended complaint) (White, J.); *Gardiner v. Walmart Inc.*, No. 4:20-cv-04618-JSW, 2021 U.S. Dist. LEXIS 75079, *23 (N.D. Cal. March 5, 2021) (granting motion to dismiss original complaint) (White, J.). The doctrine holds that, "[i]n the absence of (1) personal injury, (2) physical damage to property, (3) a 'special relationship' existing between the parties, or (4) some other common law exception to the rule, recovery of purely economic loss is foreclosed." *See Gardiner*, 2021 U.S. Dist. LEXIS 75079, at *23 (citing *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 967 (S.D. Cal. 2014)). As an initial matter, Plaintiffs do not allege personal injury or physical property damage.

##### a.    *Plaintiffs do not allege a special relationship with Noblr.*

In *Gardiner*, the plaintiff argued that he enjoyed a special relationship with Walmart based on his creation of an online shopping account. *See Gardiner*, 2021 U.S. Dist. LEXIS 75079, at *3 and 24. The Court explained that a "special relationship will exist, for example, if 'the plaintiff was an intended beneficiary of a particular transaction but was harmed by the defendant's negligence in carrying it out.'" *Id.* at *24. No such relationship existed in *Gardiner* because "Plaintiff does not allege that the transaction at issue was intended to benefit Plaintiff in a specific way that sets him apart from all potential Walmart customers." *Id.* at *24-25.

Plaintiffs concede that they did not enjoy a special relationship with Noblr. Indeed, they allege that "[t]he Notice confirms that Plaintiffs became victims … *even though they did not have a prior relationship with Noblr*, advising 'you may be affected *even if you have no relationship with Noblr*.'" *See* Compl.  ¶ 24 (emphasis added); *see also id.* ¶¶ 8 – 10 (Plaintiffs "never sought a quote for insurance of any sort from Defendant.") Further, because all Noblr website users were equally permitted to seek an insurance quote, Plaintiffs also do not allege that any specific benefit was intended for them relative to other individuals.

### b.   Plaintiffs' allegations of economic harm.

Plaintiffs acknowledge the economic nature of their purported harm. All told, Plaintiffs acknowledge that seven of the eight types of alleged harm are economic. *Id.*  ¶¶ 77 and 116. These include the same or similar damages allegations within the negligence claim associated with the use, theft, and publication of PII (¶ 76.a. and ¶ 116 (i) and (ii)); out-of-pocket expenses for prevention, detection, and recovery (¶ 76.b. and ¶ 116 (iii) and (v)); lost opportunity, loss of productivity, and mitigation efforts (¶ 76.c. and ¶ 116 (iv)); continued risk to the PI (¶ 76.d. and ¶ 116 (vii); and future costs in terms of time, effort, and money at ¶ 76.e. and ¶ 116 (viii). Plaintiffs are precluded from recovery for these damage claims under a theory of negligence.

### 2.   Plaintiffs fail to allege viable non-economic damages claims.

At best, Plaintiffs' non-economic harm allegations amount to: "an undeniable interest in ensuring that their [personal information] is secure, remains secure, and is not subject to further misappropriation or theft," and "anxiety, emotional distress, loss of privacy, and other economic and non-economic losses." *Id.*  ¶¶ 77 and 116(vi). These generalized allegations cannot support Plaintiffs' claim for negligence. California federal courts have found in data breach cases that, "lost personal information and risk of future harm are not sufficient to sustain a negligence claim under California law as they are speculative, not appreciable, and not present." *Gardiner*, 2021 U.S. Dist. LEXIS 75079, at *23; *see also In re Sony Gaming,* 903 F. Supp. 2d at 951 (holding that "without specific factual statements that [PII] has been misused, in the form of an open bank account, or un-reimbursed charges, the mere danger of future harm, unaccompanied by present damage, will not support a negligence action"); *In re iPhone Application Litig.*, 844 F. Supp. 2d

1040, 1064 (N.D. Cal. 2012) (holding that "increased, unexpected, and unreasonable risk to the security of sensitive personal information" was "too speculative to support a claim for negligence"); *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1032 (N.D. Cal. 2012) (dismissing a negligence claim where plaintiffs failed to allege an "appreciable, nonspeculative, present injury"). The same is true here. At minimum, the New Jersey and Massachusetts Plaintiffs do not factually allege that their PII accessed via Noblr's website has been misused relative to them, or otherwise plead an appreciable, non-speculative, present injury.

### 3.    Plaintiffs otherwise fail to allege any other cognizable damages.

Plaintiffs make general allegations of other injuries in an attempt to salvage their negligence claim. *See* Compl. ¶¶ 53, 59, and 66. Each fails in its own way.

#### a.    *Loss of Value of PII*

Courts in this District have held that to sufficiently allege diminution of value of PII, plaintiffs must establish the existence of a market for the PII, and that they have been deprived of the ability to participate in that market. *See, e.g., Svenson v. Google Inc.*, No. 13-cv-04080-BLF, 2016 WL 8943301, at *9 (N.D. Cal. Dec. 21, 2016). General diminution allegations are insufficient to sustain a negligence claim. *See Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613, 615 (9th Cir. 2021) ("'mere misappropriation of personal information' does not establish compensable damages"). Pleadings that cite studies explaining how PII may have value fall are similarly insufficient to the extent the pleadings do not show how the specific plaintiff's PII actually lost value. *Id.* at 614-15. This is particularly relevant in the context of data breach class actions. *See Razuki,* 2018 U.S. Dist. LEXIS 196070, at *5 (noting "plausibility pleading standards are especially important in [large data breach class actions], where the Defendant faces the 'potentially enormous expense of discovery' if the Court denies this motion to dismiss"). Here, Plaintiffs generally refer to the Notice Letters' statement that their "driver's license number and address *may* have been accessed" in support of their contention that they have suffered "damages to and diminution in the value of [their] PI." *See* Compl. ¶¶ 50, 53, 55, 59, 61, 66 (emphasis added). That is not enough to sustain their claim for negligence.

b.      **Risk of Future Identity Theft and Harm.**

"Conclusory allegations of an increased risk of identity theft are insufficient to establish injury as required for […] negligence, contract, and UCL claims." *See Gardiner*, 2021 U.S. Dist. LEXIS 75079, at *12 (finding plaintiff only vaguely alleges an increased risk but does not offer specific facts regarding the PII stolen, any misuse that occurred, and how the allegations amount to more than a nonspeculative injury). "[W]ithout specific factual statements that Plaintiffs' [PII] has been misused, in the form of an open bank account, or un-reimbursed charges, the mere 'danger of future harm, unaccompanied by present damage, will not support a negligence action.'" *See In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d at 963. As explained, Plaintiffs' allegations refer generally to the Notice Letters' statement that their "driver's license number and address *may* have been accessed," and that they face an "imminent and impending injury arising from the increased risk of fraud and identity theft." *See* Compl. ¶¶ 50, 53, 55, 59, 61, 66.

The New Jersey and Massachusetts Plaintiffs do not allege specific facts regarding misuse. The New York Plaintiff alleges in conclusory fashion that, "[f]ollowing the Unauthorized Data Disclosure, in January 2021, Plaintiff Au's data was fraudulently used to apply for unemployment benefit." *See* Compl. ¶ 62. Notably, Plaintiff Au does not allege that the reported fraud was caused by Noblr's disclosure, (*id.*), let alone caused her personal harm. In fact, she concedes that a *third party* used her information to fraudulently apply for unemployment benefits *from a government agency. Id.* She nonetheless alleges that the increased risk of harm is to her, as opposed to the government entities that manage unemployment funds.

c.      **Out-of-Pocket Monitoring Costs and Lost Time.**

For credit monitoring (costs and lost time) to be compensable, Plaintiffs must allege that their need for future monitoring is a reasonably certain consequence of Noblr's purported breach of duty, and that the monitoring is reasonable and necessary. *See Corona v. Sony Pictures Ent., Inc.*, No. 14-cv-09600-RGK, 2015 WL 3916744, *10 (C.D. Cal. June 15, 2015). For example, the plaintiffs in *Corona* sufficiently alleged the need for monitoring costs where the plaintiffs' "most sensitive, nonpublic PII, which included Social Security numbers, employment files, bank account

-13-

information, health and medical information, passport numbers, retirement plan data, and home and email addresses" were posted on file-sharing websites, copied over a million times, and used by hackers to threaten the release of additional PII. *Id.* at *4. In contrast, monitoring costs are not reasonable based on general allegations of potential identity theft. *See Gardiner*, 2021 U.S. Dist. LEXIS 75079, *15-16. Here, the alleged disclosure involved only drivers' license numbers, Plaintiffs do not explain why monitoring is reasonable and necessary in light of this breach, only the New York Plaintiff alleges she has secured identity theft protection, and Noblr nonetheless offered these services free of charge.

### C.     The Court Should Dismiss the Unfair Competition Law Claim.

#### 1.     An adequate remedy exists.

Plaintiffs bring a claim under the UCL, which allows for restitution or injunctive relief. The claim fails because Plaintiffs do not explain the basis for restitution and because they do not lack another adequate remedy at law to pursue equitable remedies. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844-45 (9th Cir. 2020). Courts post-*Sonner* have dismissed UCL claims, like here, that are grounded in seeking monetary relief. *See, e.g.*, *In re Macbook Keyboard Litig.*, No. 5:18-cv-02813-EJD, 2020 WL 6047253, at *12 (N.D. Cal. Oct. 13, 2020); *Gibson v. Jaguar Land Rover N. Am., LLC*, No. CV 20-00769-CJC(GJSx), 2020 WL 5492990, at *8 (C.D. Cal. Sept. 9, 2020); *Schertz v. Ford Motor Co.*, No. CV 20-03221 TJH (PVCx), 2020 WL 5919731, at *2 (C.D. Cal. July 27, 2020); *Adams v. Cole Haan, LLC*, No. SACV 20-913 JVS (DFMx), 2020 WL 5648605, at *4-5 (C.D. Cal. Sept. 3, 2020).

Plaintiffs here do not plead that they lack an adequate legal remedy but nonetheless pray for exhaustive injunctive relief, including through their UCL claim. *See* Compl. at Prayer for Relief. Such an order would not provide relief for the alleged injuries, however, as Plaintiffs' allegations arise from a temporary condition in Noblr's page source code that Noblr resolved in January 2021. *Id.* ¶ 23. Similarly, monetary damages would not provide adequate relief for purported future harms. *See Clark v. Am. Honda Motor Co.*, No. CV 20-03147 AB (MRWx), 2021 WL 1186338, at *8 (C.D. Cal. Mar. 25, 2021).

### 2. Plaintiffs rely on the same factual predicate as their other claims.

Legal and equitable claims based on the same factual predicates are not true alternative theories of relief but rather are duplicative, and equitable claims may not be pled as an alternative. *See Madrigal v. Hint, Inc.*, No. CV 17-02095-VAP (JCx), 2017 U.S. Dist. LEXIS 221801, at *13 (C.D. Cal. Dec. 14, 2017); *Fonseca v. Goya Foods, Inc.*, No. 16-CV-02559-LHK, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016). Plaintiffs seek equitable relief on the same predicates of their other claims, and explicitly rely on the DPPA, the Federal Trade Commission Act, the Gramm-Leach-Bliley Act, and California Civil Code § 1798. *See* Compl. ¶¶ 118 – 128. Moreover, as with their negligence claim, Plaintiffs' UCL claim does not arise from an independent cognizable injury. *See, supra*, at sec. II.B. Finally, the California statutes that form the basis for the UCL claim are intended to protect "personal information about *California residents*," which Plaintiffs are not. *See* Cal. Civ. Code § 1798.81.5 (emphasis added).

### D. The Court Should Dismiss the Declaratory and Injunctive Relief Claim.

Finally, Plaintiffs bring a claim for declaratory and injunctive relief under the federal Declaratory Judgment Act ("DJA"). The DJA provides the Court with discretion to "declare the rights and other legal relations of any interested party seeking such declaration" where there is an "actual controversy." 28 U.S.C. § 2201. This is actually a request for remedy rather than an independent cause of action. *See Wolf v. Wells Fargo Bank, N.A.*, No. C11-01337 WHA, 2011 U.S. Dist. LEXIS 117835, at *27 (N.D. Cal. 2011) (citing *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1192 (9th Cir. 2000)); *In re Sonic Corp. Customer Data Sec. Breach Litig.*, No. 1:17-md-2807, 2020 U.S. Dist. LEXIS 114891, at *16-17 (N.D. Ohio July 1, 2020) (dismissing a count of declaratory and injunctive relief to the extent it purports to bring an independent cause of action based solely thereon). To the extent Plaintiffs seek to pursue an independent claim under the DJA, it should be dismissed.

### <u>CONCLUSION</u>

The Court should dismiss the Plaintiffs for lack of subject matter jurisdiction under Rule 12(b)(1) and, in the alternative, failure to state a viable claim under Rule 12(b)(6).

1   DATED: September 7, 2021                    EVERSHEDS SUTHERLAND (US) LLP

2

3                                               By /s/ Francis X. Nolan
                                                   _____
4                                                  Francis X. Nolan

5                                                  *Attorneys for Noblr Reciprocal Exchange*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

On September 7, 2021, I caused to be served the above-referenced document by the Court's electronic CM/ECF system.  The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

DATED: September 7, 2021                    EVERSHEDS SUTHERLAND (US) LLP


By */s/ Francis X. Nolan*
_____
Francis X. Nolan

*Attorneys for Noblr Reciprocal Exchange*

MOTION TO DISMISS